# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARTIN GALLEGOS,

       Plaintiff,

vs.                                               No. CIV 16-0127 JB/WPL

BERNALILLO COUNTY BOARD OF
COUNTY COMMISSIONERS; BERNALILLO
COUNTY DETENTION CENTER; NEW
MEXICO DEPARTMENT OF
CORRECTIONS, and
JOHN DOES 1 through 5,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Bernalillo County Metropolitan

Detention Center's Motion to Dismiss, filed November 1, 2016 (Doc. 34)("Motion"). The Court

held a hearing on January 18, 2017. The primary issues are: (i) whether Plaintiff Martin

Gallegos may assert claims for federal constitutional violations against the Bernalillo County

Metropolitan Detention Center ("BCMDC")[1]; and (ii) whether BCMDC is a suable entity under

---

[1]In his Complaint and Amended Complaint, Gallegos incorrectly names BCMDC as the "Bernalillo County Detention Center" ("BCDC"). Gallegos v. Bernalillo Cnty. Bd. of Comm'rs, et al., No. CIV 2015-06829, Complaint, ¶ 4, at 2 (Tort), (filed in Second Judicial District Court, County of Bernalillo, State of New Mexico, August 27, 2015), filed in federal court February 22, 2016 (Doc. 1-1)("Complaint"); Gallegos v. Bernalillo Cty. Bd. of Comm'rs, et al., No. CIV 2015-06829, Amended Complaint, ¶ 2, at 1 (filed in Second Judicial District Court, County of Bernalillo, State of New Mexico, February 1, 2016), filed in federal court February 22, 2016 (D.N.M. Doc. 1-2)("Amended Complaint"). To clarify, BCDC and BCMDC refer to different facilities that existed in different time periods. BCDC was the name of the jail that was once in downtown Albuquerque, which the City of Albuquerque managed. See Dan McKay, Union Reps Fault Jail Management, Albuquerque J. (Sept. 5, 2001). "In 2000, County officials began planning and building the new [BC]MDC facility. In December 2002, inmates began occupying the [BC]MDC." Institute for Social Research, Bernalillo County Metropolitan Detention Center: Analysis of the Jail Population, June 30, 2016, 2 (2016), http://isr.unm.edu/reports/2016/bernalillo-county-metro-detention-center-population-snapshot-

the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to 41-4-30 ("NMTCA"). The Court concludes that: (i) Gallegos may not assert claims for federal constitutional violations against BCMDC; and (ii) BCMDC is not a suable entity under the NMTCA. Accordingly, the Court grants the Motion to Dismiss.

## FACTUAL BACKGROUND

The Court draws its facts from Gallegos' Amended Complaint, filed February 1, 2016, in Gallegos v. Bernalillo Cty. Bd. of Comm'rs, et al., No. CIV 2015-06829 (Second Judicial District Court, County of Bernalillo, State of New Mexico), filed in federal court February 22, 2016 (D.N.M. Doc. 1-2)("Amended Complaint"). The Court draws its facts from the Amended Complaint to provide a factual background. While the Court does not adopt Gallegos' factual allegations, the Court nonetheless accepts them as true for the limited purpose of deciding the Motion. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(clarifying the "tenet that a court must accept as true all of the [factual] allegations contained in a complaint")(alteration added)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008)(concluding that, in the motion to dismiss posture, a court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations").

With that understanding of the allegations, Gallegos is a prisoner at the Roswell Correctional Facility in Chaves County, New Mexico. See Amended Complaint ¶ 1, at 1. On or about November 6, 2014, the Second Judicial District Court, County of Bernalillo, State of New

_____

june-2016.pdf. Bernalillo County manages the new BCMDC facility, which is located on the West Mesa, near Albuquerque, and not downtown. See Dan McKay, Union Reps Fault Jail Management, Albuquerque J. (Sept. 5, 2001). This case's facts occurred at the new BCMDC, and the Court will use that name throughout this opinion. Older cases, however, refer to BCDC, which was a different facility that different people managed. See Abalos v. Bernalillo Cty. Dist. Attorney's Office, et al., 1987-NMCA-026, ¶ 1, 734 P.2d 794, 796.

Mexico, issued an order remanding Gallegos to BCMDC's custody.  See Amended Complaint ¶ 5, at 2.  This order was to remain in effect for six weeks, while Gallegos participated in a methadone program at BCMDC "to decrease his level of dependence so that . . . Gallegos would not incur life endangering withdrawals symptoms."  Amended Complaint ¶ 5, at 2.  Approximately six days after the state court remanded Gallegos to BCMDC's custody, he was transferred to Defendant New Mexico Department of Corrections.  Amended Complaint ¶ 6-7, at 2.  BCMDC and the New Mexico Corrections Department ignored the remand order to BCMDC.  See Amended Complaint ¶ 6-7, at 2.  At the Central New Mexico Correctional Facility, Gallegos "suffered life threatening withdrawal symptoms for almost two (2) months."  Amended Complaint ¶ 7, at 2.

## PROCEDURAL BACKGROUND

Gallegos filed this lawsuit in state district court on August 27, 2015.  See Complaint (Tort), Gallegos v. Bernalillo Cnty. Bd. of Comm'rs, et al., No. CIV 2015-06829, (filed in Second Judicial District Court, County of Bernalillo, State of New Mexico August 27, 2015), filed in federal court February 22, 2016 (Doc. 1-1)("Complaint").  In the Complaint, Gallegos asserted claims against Defendant Bernalillo County Board of Commissioners, BCMDC, the New Mexico Corrections Department, and John Does 1 through 5, for a violation of § 41-4-12 of the NMTCA.  See Complaint ¶ 1, at 1.  Gallegos then filed an Amended Complaint, adding a federal claim.  See Amended Complaint ¶¶ 1-19, at 1-4.  In the Amended Complaint, Gallegos asserted claims against Bernalillo County, BCMDC, the New Mexico Corrections Department, and John Does 1 through 5, for (i) violations of NMTCA § 41-4-12, see Amended Complaint ¶¶ 8-17, at 2-4; and (ii) violations of Gallegos' rights guaranteed by the Eighth and Fourteenth

Amendments to the Constitution of the United States of America, <u>see</u> Amended Complaint ¶ 18, at 4. Gallegos seeks "compensatory damages in a yet undetermined amount jointly and severally against all Defendants," and attorney fees. <u>See</u> Amended Complaint at 4. Within thirty days of receipt of the Amended Complaint, Bernalillo County and BCMDC removed the lawsuit to federal court pursuant to 28 U.S.C. § 1446(b)(3). <u>See</u> Notice of Removal at 1, filed February 22, 2016 (Doc. 1).

## 1. **The Motion.**

BCMDC moves the Court, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Gallegos' claims against BCMDC. <u>See</u> Motion at 1-4. In the Motion, BCMDC argues that, with respect to Gallegos' claims, it "is not a suable entity." Motion at 3. BCMDC posits that, "[u]nder § 1983 case law, it is well-established that a county jail or detention center is not a suable entity." Motion at 3 (citing <u>Biehl v. Salina Police Dept.</u>, 256 F. App'x 212, 215 (10th Cir. 2007)(unpublished)[2]; <u>Martinez v. Wagner</u>, 771 F.2d 424, 444 (10th Cir. 1985); <u>Apodaca v. State Adult Prob. & Parole</u>, 998 F. Supp. 2d 1160, 1190 (D.N.M.

---

[2]<u>Biehl v. Salina Police Dept.</u> is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. <u>See</u> 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that <u>Biehl v. Salina Police Dept.</u> and <u>White v. Utah</u>, 5 F. App'x 852 (10th Cir. 2001)(unpublished) have persuasive value with respect to material issues, and will assist the Court in its preparation of this Memorandum Opinion and Order.

2014)(Browning, J.)).  Under these authorities, BCMDC contends, it "cannot be named as a defendant in this lawsuit."  Motion at 3.

BCMDC adds that "[t]he same is true under New Mexico law."  BCMDC states that, under N.M. Stat. Ann. § 4-46-1, "all suits against county government must be brought against that county's board of county commissioners."  Motion at 3 (citing N.M. Stat. Ann. § 4-46-1). BCMDC contends, therefore, that "the Board of County Commissioners of the County of Bernalillo (i.e., Bernalillo County), and not BCMDC," is the proper party for the purposes of Gallegos' suit.  Motion at 3.  Accordingly, BCMDC argues that the Court should dismiss Gallegos' claims against BCMDC.  See Motion at 3.  BCMDC concedes that the "Motion has no impact or effect on Plaintiff's claims against Defendant Bernalillo County Board of Commissioners."  Motion at 3.

**2.**     **The Response.**

Gallegos responds to the Motion.  See Plaintiff's Response to Defendant Bernalillo County Metropolitan Detention Center's Motion to Dismiss at 1-2, filed November 10, 2016 (Doc. 39)("Response").  In the Response, Gallegos states that, although BCMDC is not a suable entity under 42 U.S.C. § 1983, BCMDC is a suable entity under the NMTCA.  Response at 1. Gallegos further states that he did not assert claims against BCMDC under N.M. Stat. Ann. § 4-46-1.  See Response at 1.

The crux of Gallegos' Response is that, while BCMDC is not a suable entity under 42 U.S.C. §§ 1983 & 1985, BCMDC is a suable entity under the NMTCA.  See Response at 2. Under the NMTCA, Gallegos contends, "a Plaintiff may sue a public employee as well as the 'agency or entity for whom the public employee works[.]'"  Response at 2 (quoting Abalos v.

- 5 -

Bernalillo Cty. Dist. Attorney's Office, et al., 1987-NMCA-026, ¶ 18, 734 P.2d 794, 799 ("Abalos")). Gallegos adds that "a plaintiff need not name a specific employee of the offending agency as a defendant to sue an entity under the NMTCA." Response at 2 (citing Lopez v. Las Cruces Police Dep't, 2006-NMCA-074, ¶ 15, 137 P.3d 670, 676).

Gallegos then states: "Defendants were employed by Bernalillo County Metropolitan Detention Center (BCMDC) and were negligent in the operation and maintenance of BCMDC and they injured him by committing many of the acts for which they may be held liable under, NMSA 41-4-12." Response at 2. Gallegos argues that BCMDC is "a suable entity," because BCMDC "had an immediate supervisory authority over the negligent employee/defendants . . . ." Response at 2. Gallegos concludes, therefore, that "BCMDC should not be dismissed from this action . . . ." Response at 2 (citing Tenorio v. San Miguel Cty. Det. Ctr., No. CIV 15-0349 LF/WPL, Order (D.N.M. Aug. 11, 2016)(Doc. 125)("Tenorio Order"); Lopez v. Las Cruces Police Dep't, 2006-NMCA-074, ¶ 15, 137 P.3d at 676; Abalos, 1987-NMCA-026, ¶ 18, 734 P.2d at 799).

**3.     The Reply.**

BCMDC replied to Gallegos' arguments. See Reply to Plaintiff's Response to Defendant Bernalillo County Metropolitan Detention Center's Motion to Dismiss at 1-5, filed November 17, 2016 (Doc. 41)("Reply"). First, BCMDC latches onto what it recognizes as Gallegos' concession that BCMDC is not a suable entity under 42 U.S.C. § 1983. Reply at 1 (citing Response at 1). BCMDC argues that the Court should dismiss Gallegos' federal claims against BCMDC, because the "Plaintiff agrees that BCMDC is not a suable entity for federal civil rights claims." Reply at 1 (citing Response at 1).

Second, BCMDC argues that the Court should dismiss Gallegos' tort claims against BCMDC, because, under the NMTCA, Bernalillo County is the appropriately named party. See Reply at 2. BCMDC contends that "to allow a TCA claim to name a county detention center as a defendant would render NMSA § 4-46-1 meaningless." Reply at 4. In support of its contention, BCMDC adverts to the canon of statutory interpretation stating that "'[a] statute must be construed so that no part of the statute is rendered superfluous.'" Reply at 4 (alteration added)(quoting State v. Javier M., 2001-NMSC-030, ¶ 32, 33 P.3d 1, 15)(internal quotation marks and citation omitted). "Hence," BCMDC reasons, "the Board of County Commissioners of the County of Bernalillo, and not BCMDC, is the appropriately named party for Plaintiff's TCA allegations." Reply at 4. BCMDC states that the Court should dismiss Gallegos' tort claims against BCMDC with prejudice. See Reply at 4.

Third, BCMDC argues against Gallegos' reliance on the Tenorio Order. See Reply at 2-3. BCMDC argues that the Tenorio Order is inapposite, because, in that case, "the proposed amended pleading [asserted] that [San Miguel County Detention Center] had 'immediate supervisor authority over the negligent employee-defendants.'" Reply at 2 (alterations added)(quoting Tenorio Order at 11). BCMDC then states that, "[i]n the present matter, Plaintiff alleges that Defendants John Does 'worked for [BCMDC] and/or the New Mexico Department of Corrections . . . as discovery will entail.'" Reply at 2 (alteration in original)(quoting Amended Complaint ¶ 4, at 1). BCMDC emphasizes that "none of these 'John Does' have been identified, making it difficult if not impossible to determine if they are employees of the New Mexico Department of Corrections or of Bernalillo County or perhaps of both." Reply at 2. BCMDC concludes, therefore, that Gallegos "has failed to aver that BCMDC had 'immediate supervisor

authority' over the alleged John Does." Reply at 2 (quoting <u>Tenorio</u> Order at 11). BCMDC further states that the <u>Tenorio</u> Order misapplies the Court of Appeals of New Mexico's holding in <u>Abalos</u>, 1987-NMCA-026, ¶ 23, 734 P.2d at 799. <u>See</u> Reply at 3-4 (citing <u>Tenorio</u> Order at 4).

Fourth, BCMDC also argues that Gallegos' reliance on <u>Abalos</u>, 1987-NMCA-027, ¶ 18, 734 P.2d at 799, is misplaced. <u>See</u> Reply at 3-4. BCMDC stresses that, in <u>Abalos</u>, the Court of Appeals of New Mexico held that the old Bernalillo County Detention Center "'should be dismissed from the lawsuit,'" because BCDC was "then a joint county-city facility" and the City of Albuquerque "'is the particular entity that operates the detention center and it would be the governmental entity responsible for the alleged harm.'" Reply at 3 (quoting <u>Abalos</u>, 1987-NMCA-026, ¶ 22, 734 P.2d at 799). BCMDC stipulates that the Court of Appeals of New Mexico held, in <u>Abalos</u>, that "'the city or state can be named [as a defendant] [i]f the city or state directly supervises the employee.'" Reply at 3 (quoting <u>Abalos</u>, 1987-NMCA-026, ¶ 23, 734 P.2d at 799).

Fifth, BCMDC asserts that Gallegos "tacitly conceded [that] the Bernalillo County Board of Commissioners is the properly named party rather than the BCMDC," by stating in his Amended Complaint that BCMDC "'is an agency of the County of Bernalillo overseen by the Bernalillo County Commissioners.'" Reply at 2-3 (quoting Amended Complaint ¶ 2, at 1). BCMDC adverts to <u>Chavez v. Bd. of Cty. Comm'rs of Sierra Cty.</u>, 899 F. Supp. 2d 1167, 1167 n.2 (D.N.M. 2012)(Browning, J.), in which the plaintiff conceded "'that the proper way to sue a state entity in New Mexico is by suing the Board of County Commissioners of the county within which the detention center is located.'" Reply at 3 (quoting <u>Chavez v. Bd. of Cty. Comm'rs of</u>

<u>Sierra Cty.</u>, 899 F. Supp. 2d at 1167 n.2).  Accordingly, BCMDC presses that "the present lawsuit should be brought against Bernalillo County's Board of Commissioners, rather than against its detention center."  Reply at 3.

### 4.     <u>The Hearing</u>.

The Court held a motion hearing on January 18, 2017.  <u>See</u> Draft Transcript of Motion Proceeding at 4:20-22 (taken January 18, 2017)(Court)("Tr.").[3]  The Court began by stating its view that "the plaintiff was conceding that BCMDC was not [a] sueable entity under [§] 1983, so I ought to grant that portion of the motion . . . ."  Tr. at 4:22-24 (Court).  Bernalillo County and BCMDC emphasized that Gallegos concedes that BCMDC "is not a suable entity for federal civil rights claims . . . [and] can be dismissed with prejudice . . . ."  Tr. at 5:8-10 (Quiñones).  BCMDC then turned to its motion to dismiss the state law claims against it.  <u>See</u> Tr. at 5:15-16 (Quiñones).

BCMDC presented its argument that, under N.M. Stat. § 4-46-1, "if you're going to sue a county in New Mexico, New Mexico law provides that you have to sue [] or name that county's board of commissioners."  Tr. at 5:25-6:2 (Quiñones).  BCMDC also presented its argument that <u>Chavez v. Bd. of Cty. Comm'rs of Sierra Cty.</u>, 899 F. Supp. 2d at 1167 n.2, reflects "that the proper way to sue a state entity in New Mexico is by suing the board of county commissioners of the county within which the detention center is located . . . ."  Tr. at 7:17-20 (Quiñones).  BCMDC then argued that Gallegos' reliance on <u>Abalos</u>, 1987-NMCA-026, ¶ 18, 734 P.2d at 799, "is misplaced," Tr. at 8:7 (Quiñones), because the Court of Appeals of New Mexico held that the "Bernalillo County Detention Center should be dismissed," Tr. at 9:3 (Quiñones).

---

[3]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

BCMDC expressed its view that Abalos "stands for the proposition that a Government agency running a detention center rather than the detention center itself is the properly named defendant." Tr. at 9:8-11 (Quiñones). BCMDC then argued that Gallegos' reliance on the Tenorio Order is also misplaced. See Tr. at 9:11-10:17 (Quiñones). BCMDC argued that the Tenorio Order "is not only contemporary to the Abalos holding, but that it also runs counter to this New Mexico statute . . . [§] 4-46-1." Tr. at 10:2-4 (Quiñones). BCMDC stated that, in the Tenorio Order, "[United States Magistrate] Judge [Laura] Fashing opined . . . that both San Miguel county and its detention center had immediate supervisory authority over the individually named defendants." Tr. at 10:4-7 (Quiñones). BCMDC then pressed that, unlike in the Tenorio Order, "in the present matter we don't have any individually named defendants at the present time . . . ." Tr. at 10:8-10 (Quiñones). BCMDC then broke new ground, stating:

> [A]t the end of the day looking at it from a practical standpoint I don't know if plaintiff gains anything from suing the Bernalillo County Metropolitan Detention Center under the Tort Claims Act when he is already suing [the] Bernalillo County Board of Commissioners, so from that view it seems kind of redundant to name the detention center where the board of commissioners is already a named [defendant.]

Tr. at 10:18-11:1 (Quiñones)(alterations added). BCMDC then asked the Court to grant the Motion. See Tr. at 11:4-5 (Quiñones). The Court then requested Gallegos' response. See Tr. at 11:18 (Court).

Gallegos argued that BCMDC is a properly named party, because BCMDC has "immediate supervisory control." Tr. at 12:16 (Lawless). The Court then inquired whether BCMDC is more like "a building or a facility, but . . . not really . . . the supervising entity, the entity is the county, isn't it?" Tr. at 13:5-7 (Court). Gallegos then pivoted to an explanation of why "we haven't named anybody" apart from the five John Doe defendants. Tr. at 13:18-22

(Lawless).  Gallegos then explained the difficulty in discovering the individuals whose alleged conduct caused Gallegos' injury.  See Tr. at 14:16-17:16 (Lawless).  Gallegos argued that it would be premature for the Court to dismiss BCMDC, which might supervise those individuals responsible for Gallegos' injury whom Gallegos intends to name.  See Tr. at 17:18-21 (Lawless).  Gallegos added that a "plaintiff need not name a specific employee of the offending Office[] in order to sue the agency under the New Mexico Tort Claims Act."  Tr. at 17:25-18:2 (Lawless).

## LAW REGARDING RULE(12)(b)(6)

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  A complaint's sufficiency is a question of law, and, when considering a rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)("[O]nly if a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts would the defendant prevail on a motion to dismiss.");  Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.")(quoting Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006)).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers

labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp v. Twombly, 550 U.S. at 555 (citation omitted).

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face.  See Bell Atl. Corp. v. Twombly, 550 U.S. at 570; Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, LLC v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted).  The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v.

Twombly, 550 U.S. at 570)(internal citations omitted).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action and does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights . . . .")(internal quotation marks, alteration, and citation omitted). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. See 42 U.S.C. § 1983. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

[A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)). The Supreme Court of the United States has made clear that, in alleging a § 1983 action against a government

agent in the agent's individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676 (2009).

Finally, as a general rule, "a detention facility is not a person or legally created entity capable of being sued." White v. Utah, 5 F. App'x 852, 853 (10th Cir. 2001)(unpublished). The Court has applied this rule in the context of § 1983, holding that "a detention center is not a suable entity in a § 1983 action." Apodaca v. New Mexico Adult Prob. and Parole, 998 F. Supp. 2d 1160, 1190 (D.N.M. 2014)(Browning, J.). A detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983." Kristich v. Metropolitan Detention Ctr., 2016 WL 5387675 at *2 (D.N.M. 2016)(Browning, J.). See Wishneski v. Lea Cty. Det. Ctr., 2012 WL 1688890, at *2 (D.N.M. 2012)(Browning, J.)(holding that "'a detention facility is not a person or legally created entity capable of being sued'").

## LAW REGARDING THE NMTCA

The New Mexico Legislature enacted the NMTCA, because it recognized "the inherent unfair and inequitable results which occur in the strict application of the doctrine of sovereign immunity." N.M. Stat. Ann. § 41-4-2A. The New Mexico Legislature, however, also recognized

> that while a private party may readily be held liable for his torts within the chosen ambit of his activity, the area within which the government has the power to act for the public good is almost without limit, and therefore government should not have the duty to do everything that might be done.

N.M. Stat. Ann. § 41-4-2A. As a result, it was "declared to be the public policy of New Mexico that governmental entities and public employees shall only be liable within the limitations of the Tort Claims Act and in accordance with the principles established in that act." N.M. Stat. Ann. §

41-4-2A.  The NMTCA is also "based upon the traditional tort concepts of duty and the reasonably prudent person's standard of care in the performance of that duty."  N.M. Stat. Ann. § 41-4-2C.

1.      **Section 41-4-4(A).**

The NMTCA's § 41-4-4(A), which grants immunity and authorizes exceptions thereto, states:

> A governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by the New Mexico Religious Freedom Restoration Act [N.M. Stat. Ann. §§ 28-22-1 to 28-22-5] and by Sections 41-4-5 through 41-4-12 NMSA 1978.  Waiver of this immunity shall be limited to and governed by the provisions of Sections 41-4-13 through 41-4-25 NMSA 1978, but the waiver of immunity provided in those sections does not waive immunity granted pursuant to the Governmental Immunity Act.

N.M. Stat. Ann. § 41-4-2A.  Accordingly, a plaintiff may not sue a New Mexico governmental entity or its employees or agents, unless the plaintiff's cause of action fits within one of the exceptions that the NMTCA grants for governmental entities and public employees.  See N.M. Stat. Ann. §§ 41-4-5 through 41-4-12.  See also Begay v. State, 1985-NMCA-117, ¶ 10, 723 P.2d 252, 255 ("Consent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims Act."), rev'd on other grounds by Smialek v. Begay, 1986-NMSC-049, ¶ 10, 721 P.2d 1306 (1986).  A plaintiff also may not sue a governmental entity or its employees for a damage claim arising out of violations of rights under the Constitution of the State of New Mexico unless the NMTCA contains a waiver of immunity. See Barreras v. N.M. Corr. Dep't, 2003-NMCA-027, ¶ 24, 62 P.3d 770, 776 ("In the absence of affirmative legislation, the courts of this state have consistently declined to permit individuals to bring private lawsuits to enforce rights guaranteed by the New Mexico Constitution, based on the

absence of an express waiver of immunity under the Tort Claims Act."); Chavez v. City of Albuquerque, 1998-NMCA-004, ¶ 11, 952 P.2d 474, 477 (noting that a plaintiff cannot seek damages for violations of rights under the New Mexico Constitution against a city, its employees, or its agents unless the NMTCA waives immunity); Rubio v. Carlsbad Mun. Sch. Dist., 1987-NMCA-127 ¶¶ 11-12, 744 P.2d 919, 922 (holding that no waiver of immunity exists for damages arising out of alleged educational malpractice claim against a school board); Begay v. State, 1985-NMCA-117, ¶ 14, 723 P.2d at 257 (finding that no waiver exists in the NMTCA for suit under Article II, § 11 of the New Mexico Constitution). Accordingly, if no specific NMTCA waiver can be found, a plaintiff's complaint against the governmental entity or its employees must be dismissed. See Begay v. State, 1985-NMCA-117, ¶ 14, 723 P.2d at 255. Further, the NMTCA is the

> exclusive remedy against a governmental entity or public employee for any tort for which immunity has been waived under the Tort Claims Act and no other claim, civil action or proceeding for damages, by reason of the same occurrence, may be brought against a governmental entity or against the public employee or his estate whose act or omission gave rise to the suit or claim.

N.M. Stat. Ann. § 41-4-17(A). A plaintiff thus "may not sue a New Mexico governmental entity, or its employees or agents, unless the plaintiff's cause of action fits within one of the exceptions to immunity that the NMTCA grants." Pueblo of Pojoaque v. New Mexico, 214 F. Supp. 3d 1028, 1087 (D.N.M. 2016)(Browning, J.)("Pojoaque"). "A plaintiff also may not sue a governmental entity or its employees for a . . . damages claim arising out of violations of rights under the New Mexico Constitution unless the NMTCA contains a waiver of immunity." Pojoaque, 214 F. Supp. 3d at 1087. "Thus, if no specific waiver can be found in the NMTCA, a plaintiff's complaint [for damages] against the governmental entity or its employees must be

dismissed."   Salazar v. City of Albuquerque, 2013 WL 5554185, at *24 (D.N.M.

2013)(Browning, J.)(citing Begay v. State, 1985-NMCA-117, ¶ 10, 723 P.2d at 255).

## LAW REGARDING N.M. STAT. ANN. § 4-46-1

Independent of the NMTCA, another New Mexico statute explains that, "[i]n all suits or

proceedings by or against a county, the name in which the county shall sue or be sued shall be

the board of county commissioners of the county."   N.M. Stat. Ann. § 4-46-1.   This statute is a

rule of general applicability and is not specific to the NMTCA.   Indeed, this statute is consistent

with, and limits, the NMTCA.

Under the NMTCA, "a Plaintiff may sue a public employee as well as the 'agency or

entity for whom the public employee works[.]'"   Response at 2 (quoting Abalos, 1987-NMCA-

026, ¶ 18, 734 P.2d at 799.   Section 4-46-1 reads, however, that, "[i]n all suits or proceedings by

or against a county, the name in which the county shall sue or be sued shall be the board of

county commissioners of the county."   N.M. Stat. Ann. § 4-46-1.   The latter statute thus provides

a limitation on the former.

Further, a well-established canon of statutory interpretation cautions that "'[a] statute

must be construed so that no part of the statute is rendered . . . superfluous.'"   State v. Javier M.,

2001-NMSC-030, ¶ 32, 33 P.3d 1, 15)(citation omitted).   If § 4-46-1 were not construed as a

limitation on the NMTCA, then § 4-46-1 would become meaningless.   In other words, there

would be no limiting principle.   "[P]laintiffs would be able to sue sheriff's departments, county

clerk's offices, [and] county assessor's office[s]."   Tr. at 10:13-15 (Quiñones).

Additionally, "it is a 'fundamental canon of statutory construction' that, 'unless otherwise

defined, words will be interpreted as taking their ordinary, contemporary, common meaning.'"

Sandifer v. U.S. Steel Corp., 134 S. Ct. 870, 876 (2014)(Scalia, J.).  See Skyline Potato Co., Inc. v. Hi-Land Potato Co., Inc., 909 F. Supp. 2d 1225, 1240 (D.N.M. 2012)(Browning, J.)(explaining that, if statutory language has plain and unambiguous meaning, the inquiry ends).  There is no ambiguity about § 4-46-1's meaning.  It says that, "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county."  "All suits" cannot be construed as having any meaning other than "all suits."  Swepi, LP v. Mora Cty., New Mexico, 81 F. Supp. 3d 1075, 1188 n.36 (D.N.M. 2015)(Browning, J.)(explaining the powers of New Mexico counties, including their ability to sue and be sued under § 4-46-1).

## ANALYSIS

The Court concludes that Gallegos may not assert claims for federal constitutional violations against BCMDC.  Detention facilities are not suable for federal constitutional violations.  The Court further concludes that BCMDC is not a suable entity under the NMTCA, because another state statute limits causes of action that the NMTCA allows.  Accordingly, the Court grants the Motion to Dismiss.

## I.  GALLEGOS CANNOT ASSERT FEDERAL CONSTITUTIONAL CLAIMS AGAINST BCMDC.

Gallegos has conceded that he cannot sue BCMDC under the United States Constitution. To sue a state entity under the United States Constitution, one must bring a § 1983 claim. That section provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress . . . .

42 U.S.C. § 1983. The Tenth Circuit has ruled, however, that "a detention facility is not a person or legally created entity capable of being sued." White v. Utah, 5 F. App'x at 853. The Court has also applied this rule in § 1983's context, holding that "a detention center is not a suable entity in a § 1983 action." Apodaca v. New Mexico Adult Prob. and Parole, 998 F. Supp. 2d at 1190. A detention center is not a suable entity, "because it is not a 'person' under 42 U.S.C. § 1983." Kristich v. Metropolitan Detention Ctr., 2016 WL 5387675 at *2. In other words, suing a detention facility is the equivalent of attempting to sue a building for purposes of § 1983. See Tr. at 29:7 (Court)("[I]t's more like a building.").

BCMDC is a detention center. It therefore may not be sued under § 1983. Indeed, Gallegos concedes that BCMDC is not a suable state entity under § 1983. See Response at 1 ("BCMDC is . . . not [suable] under 42 U.S.C. § 1983."). At the hearing, Gallegos did not contest this concession when the Court announced that it would grant the Motion to Dismiss on the § 1983 claims. See Tr. at 32:25 (Court). Accordingly, Gallegos cannot properly bring federal constitutional claims against BCMDC.

## II. **BCMDC CANNOT BE SUED UNDER THE NMTCA.**

BCMDC is not a suable entity under the NMTCA. The NMTCA waives New Mexico's immunity to suit for certain enumerated claims. See Begay v. State, 1985-NMCA-117, ¶ 10, 723 P.2d at 255 ("Consent to be sued may not be implied, but must come within one of the exceptions to immunity under the Tort Claims Act."). When a plaintiff chooses to sue a county, however, another statute limits claims that the NMTCA allows; § 4-46-1 announces that, "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued

shall be the board of county commissioners of the county." N.M. Stat. Ann. § 4-46-1. This "'statute must be construed so that no part of the statute is rendered . . . superfluous.'" <u>State v. Javier M.</u>, 2001-NMSC-030, ¶ 32, 33 P.3d at 15)(citation omitted). If § 4-46-1 were not construed as a limitation on claims that the NMTCA allows, then § 4-46-1 would be meaningless. In other words, no limiting principle would exist. "[P]laintiffs would be able to sue sheriff's departments, county clerk's offices, [and] county assessor's office[s]." Tr. at 10:13-15 (Quiñones).

For this reason, if one chooses to sue a county under the NMTCA, one must sue the board of county commissioners of the county. Here, that means Gallegos must sue Bernalillo County and not BCMDC. Bernalillo County owns and manages BCMDC. <u>See</u> Institute for Social Research, Bernalillo County Metropolitan Detention Center: Analysis of the Jail Population, June 30, 2016, 2 (2016), http://isr.unm.edu/reports/2016/bernalillo-county-metro-detention-center-population-snapshot-june-2016.pdf; Dan McKay, <u>Union Reps Fault Jail Management</u>, Albuquerque J. (Sept. 5, 2001); Michael Turnbell, <u>Jail Construction May Start This Month</u>, Albuquerque J. (Dec. 11, 1999). Further, Bernalillo County "is the particular entity that operates the detention center and it would be the governmental entity responsible for the alleged harm." <u>Abalos</u>, 1987-NMCA-026, ¶ 22, 734 P.2d at 799. Suing Bernalillo County is thus the equivalent of suing BCMDC for purposes of § 4-46-1. Because the proper defendant in all suits against a county is the county's board of county commissioners, the proper defendant for Gallegos' NMTCA claims is the Bernalillo County Board of County Commissioners, and not BCMDC. <u>See</u> N.M. Stat. Ann. § 4-46-1.

Gallegos cites two cases, contending that BCMDC is suable under the NMCTA. <u>See</u>

Response at 1-2 (citing <u>Abalos</u>, 1987-NMCA-026, ¶ 18, 734 P.2d at 799; <u>Tenorio</u> Order at 11). Neither of these cases support a claim that BCMDC is suable.

First, Gallegos relies on <u>Abalos</u>, contending that, under the NMTCA, "a Plaintiff may sue a public employee as well as the 'agency or entity for whom the public employee works[.]'" Response at 2 (quoting <u>Abalos,</u> 1987-NMCA-026, ¶ 18, 734 P.2d at 799). This rule is the general one. N.M. Stat. Ann. § 4-46-1, however, which limits this general rule, was not relevant in <u>Abalos.</u> In <u>Abalos</u>, the plaintiff sued, under the NMTCA, the old BCDC, the City of Albuquerque, which operated BCDC, and other defendants. <u>See Abalos</u>, 1987-NMCA-026, ¶ 1, 734 P.2d at 796. Because the City of Albuquerque, and not Bernalillo County, operated BCDC, the case did not involve § 4-46-1. <u>See Abalos</u>, 1987-NMCA-026, ¶ 10, 734 P.2d at 797. Gallegos' reliance on <u>Abalos</u> is therefore misplaced.

Further, <u>Abalos</u> cuts against Gallegos' argument. In <u>Abalos</u>, in determining whether BCDC or the City of Albuquerque that operated it was the appropriate defendant, the Court of Appeals of New Mexico held that the City "is the particular entity that operates the detention center and it would be the governmental entity responsible for the alleged harm. Accordingly, BCDC . . . should be dismissed from the lawsuit." <u>Abalos</u>, 1987-NMCA-026, ¶ 22, 734 P.2d at 799. Here, Bernalillo County "is the particular entity that operates the detention center," the new BCMDC, just like the City of Albuquerque operated the old BCDC in <u>Abalos</u>. <u>See</u> Dan McKay, <u>Union Reps Fault Jail Management</u>, Albuquerque J. (Sept. 5, 2001); Michael Turnbell, <u>Jail Construction May Start This Month</u>, Albuquerque J. (Dec. 11, 1999). Accordingly, <u>Abalos</u> does not support Gallegos' claim that BCDMC is a suable entity under the NMTCA.

Gallegos also relies on the <u>Tenorio</u> Order for the proposition that a detention center can

be sued under the NMTCA.  <u>See</u> <u>Tenorio</u> Order at 11.  This reliance is also misplaced.  In that case, the plaintiff wanted to sue the San Miguel County Detention Center under the NMTCA.  <u>See</u> <u>Tenorio</u> Order at 10.  Judge Fashing explained that, under the NMTCA, "a plaintiff may sue a public employee as well as 'the agency or entity for whom the public employee works.'"  <u>Tenorio</u> Order at 10 (quoting <u>Abalos</u>, 1987-NMCA-026, ¶ 18, 734 P.2d at 799).  Judge Fashing stated the familiar rules that the NMTCA requires "'(1) a negligent public employee who meets one of the waiver exceptions under [NMSA] Sections 41-4-5 to -12; and (2) an entity that has immediate supervisory responsibilities over the employee.'"  <u>Tenorio</u> Order at 10 (quoting <u>Abalos</u>, 1987-NMCA-026, ¶ 23, 734 P.2d at 799).  Applying these requirements, Judge Fashing concluded that the plaintiff could sue the San Miguel County Detention Center.  <u>See</u> <u>Tenorio</u> Order at 11.  Judge Fashing did not, however, consider the effect of § 4-46-1, which reads: "[I]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county."  N.M. Stat. Ann. § 4-46-1.  This statute must be construed as imposing a limitation on the parties that can be sued under the NMTCA.  New Mexico courts have adopted a canon of statutory interpretation which admonishes that "'[a] statute must be construed so that no part of the statute is rendered . . . superfluous.'"  <u>State v. Javier M.</u>, 2001-NMSC-030, ¶ 32, 33 P.3d at 15)(citation omitted).  If § 4-46-1 were not construed as a limitation on the claims that the NMTCA allows, then § 4-46-1 would be superfluous.  In other words, no limiting principle would exist.  "[P]laintiffs would be able to sue sheriff's departments, county clerk's offices, [and] county assessor's office[s]."  Tr. at 10:13-15 (Quiñones).  Because the <u>Tenorio</u> Order is an incomplete statement of the law regarding who can be sued under the NMTCA, Gallegos' reliance on that case is misplaced.

Accordingly, Gallegos cannot sue BCDMC under the NMTCA.[4]

---

[4]While § 4-46-1 limits state claims, and § 1983 itself bars claims against a detention center, § 4-46-1 cannot and does not limit § 1983 actions. No cases specifically address § 4-46-1's ability to limit § 1983, but there are Supreme Court cases at least implying that, generally, states cannot limit § 1983 actions. In <u>Haywood v. Drown</u>, 556 U.S. 729 (2009)("<u>Haywood</u>"), a New York statute divested its state courts of jurisdiction over § 1983 suits that sought damages against corrections officers. <u>See</u> 556 U.S. at 731. In the New York statute, "a prisoner seeking damages from a correction officer will have his claim dismissed for want of jurisdiction and will be left, instead, to pursue a claim for damages against an entirely different party (the State) in the Court of Claims -- a court of limited jurisdiction." 556 U.S. at 734. In this Court of Claims, "in addition to facing a different defendant, plaintiffs in that court are not provided with the same relief . . . made available in 1983 actions brought in state courts of general jurisdiction." 556 U.S. at 734. In essence, the New York statute said, in a § 1983 case, the plaintiff cannot sue the corrections officer; instead, the plaintiff must sue the state. The state statute thus placed serious limits on whom a plaintiff could sue in a § 1983 action. The question presented was whether limiting § 1983 claims in the state courts in such a manner violated the Supremacy Clause. <u>See</u> 556 U.S. at 731. The Supreme Court held that the statute violated the Supremacy Clause. <u>See</u> 556 U.S. at 733.

The Supreme Court ruled that "state courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law." 556 U.S. at 735. The Supreme Court noted that "a State cannot employ a jurisdictional rule 'to dissociate [itself] from federal law because of disagreement with its content or a refusal to recognize the superior authority of its source.'" 556 U.S. at 736 (quoting <u>Howlett v. Rose</u>, 496 U.S. 356, 371 (1990)). "In other words, although States retain substantial leeway to establish the contours of their judicial systems, they lack authority to nullify a federal right or cause of action they believe is inconsistent with their local policies." 556 U.S. at 736. Addressing the New York statute, the Supreme Court held that "[t]he State's policy, whatever its merits, is contrary to Congress' judgment that *all* persons who violate federal rights while acting under color of state law shall be held liable for damages." 556 U.S. at 736-37 (emphasis in original). "We therefore hold that, having made the decision to create courts of general jurisdiction that regularly sit to entertain analogous suits, New York is not at liberty to shut the courthouse door to federal claims that it considers at odds with its local policy." 556 U.S. at 740. The New York statute "is effectively an immunity statute cloaked in jurisdictional garb. Finding this scheme unconstitutional merely confirms that the Supremacy Clause cannot be evaded by formalism." 556 U.S. at 742. The Supreme Court thus held that the New York statute could not limit § 1983 claims.

Because of <u>Haywood</u>, NMSA § 4-46-1 cannot limit § 1983 claims. It is true that <u>Haywood</u> is primarily about a state statute limiting § 1983 claims in state court, and the case does not directly address federal court. The reasoning of <u>Haywood</u>, however, that "[t]he State's policy, whatever its merits, is contrary to Congress' judgment that *all* persons who violate federal rights while acting under color of state law shall be held liable for damages," is applicable to both state and federal court. 556 U.S. at 736-37 (emphasis in original). "All

**IT IS ORDERED** that Defendant Bernalillo County Metropolitan Detention Center's

Motion to Dismiss, filed November 1, 2016 (Doc. 34), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Stephen F. Lawless
Grisham & Lawless, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Carlos M. Quiñones
Quiñones Law Firm
Santa Fe, New Mexico

    *Attorneys for Defendants Bernalillo County Board of County*
      *Commissioners and Bernalillo County Metropolitan Detention Center*

---

persons" references the beginning of § 1983.  42 U.S.C. § 1983.  If a state law, § 4-46-1, which says "[i]n all suits or proceedings by or against a county, the name in which the county shall sue or be sued shall be the board of county commissioners of the county," N.M. Stat. Ann. § 4-46-1, acted as a limit on § 1983, such a ruling would be contrary to the Supreme Court language that "[t]he State's policy, whatever its merits, is contrary to Congress' judgment that *all* persons who violate federal rights while acting under color of state law shall be held liable for damages," Haywood, 556 U.S. at 736-37 (emphasis in original).  Just as New York could not say that, under § 1983, a plaintiff cannot sue a corrections officer, but must instead sue the state, New Mexico is not able to say, in a § 1983 context, that the plaintiff cannot sue BCMDC, but instead, must sue the board of county commissioners.  See N.M. Stat. Ann. § 4-46-1.  For these reasons, despite there not being a case specifically addressing whether § 4-46-1 can limit § 1983 claims, the Court concludes that § 4-46-1 does not impose the same limit on § 1983 claims that it imposes on state claims.  See Clayton v. Pioneer Bank, 2008 WL 5787472, at *10 (Browning, J.)(holding that the New Mexico Legislature cannot limit state claims to only being decided in state court, thus precluding them from being joined with federal claims or brought in federal court in diversity; and stating "The appellate process, which New Mexico's Legislature created . . . contemplates, by its express language, exclusive jurisdiction over appeals from the New Mexico Human Rights Commission in the state district courts.  The New Mexico Legislature cannot, however, deprive the federal court of jurisdiction that Congress has given it.").

Debra J. Moulton
Deborah D. Wells
Kennedy, Moulton & Wells P.C.
Albuquerque, New Mexico

*Attorneys for Defendant New Mexico Department of Corrections*